UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, 100 F Street, N.E. Washington D.C. 20549-6030 | : : : : : | Civil Action No. |

SECURITIES AND EXCHANGE
COMMISSION,
100 F Street, N.E.
Washington D.C. 20549-6030          :   Civil Action No.

          Plaintiff,

          v.

JAMES M. MATERNA,
2682 ASHLEY ROAD
SHAKER HEIGHTS, OH 44122
JOHN R. HOLTZHAUSER,
AND PAUL R. VENESKY

          Defendants.

## COMPLAINT

Plaintiff Securities and Exchange Commission (the "Commission or "SEC") alleges that:

## SUMMARY

1.      This case involves a pattern of accounting fraud by certain of the senior officers of OM

Group, Inc. in 2001, 2002, and years prior. James Materna ("Materna"), the former Chief

Financial Officer, and John Holtzhauser ("Holtzhauser"), the former Controller, engaged in

accounting fraud by recording and directing numerous adjustments to the consolidated financials

("top-side adjustments"), which were wholly unsupported and often duplicative of entries

already recorded at the operating unit level. The improper accounting practices were done with

the intent to manage earnings and to achieve financial results that were closer to OM Group's

annual plan.

2.    Many of the improper accounting practices included, among other things, overcapitalizing overhead costs, inflated inventory recovery yields, improper supplier receivables and interest receivables, duplicating entries already made at the operating unit level, recording inaccurate inventory estimates, and recording expenses out of period. These practices materially increased OM Group's annual and quarterly net income in 2001 and prior years in a departure from generally accepted accounting principles ("GAAP").

3.    Paul Venesky ("Venesky"), the former Controller of OMG Americas, a wholly owned subsidiary of OM Group, aided and abetted OM Group's violations by recording erroneous and unsupported accounting entries at the direction of Materna and Holtzhauser to OMG Americas' books and records.

4.    During the relevant period, the company did not have an adequate system of internal controls that would detect and prevent the improper accounting practices. As a result, OM Group filed materially false and misleading financial statements in the company's annual report on Form 10-K for the fiscal years ended December 31, 2001 and December 31, 2002, and in the company's quarterly reports on Form 10-Q for the first three quarters of 2002 and the fourth quarter results on Form 10-K, and the first three quarters of 2003 filed on Form 10-Q. The materially false and misleading financial statements were included in the Form S-1, effective January 16, 2002, that was issued in OM Group's $225.7 million equity offering.

5.    In March 2005, after conducting an internal investigation into the accounting improprieties, OM Group issued a restatement reducing its retained earnings for the relevant period by $64 million as a result of the fraudulent conduct.

2

6.    Materna, Holtzhauser, and Venesky each failed to provide sufficient information to OM Group's independent outside auditor, Ernst & Young LLP ("E & Y"), and there was a concerted effort to hide the practices from E & Y.

## JURISDICTION AND VENUE

7.    This court has jurisdiction over this action under Section 22(a) of the Securities Act of 1933 ("Securities Act") [15U.S.C. § 77v (a)], and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and (e) and 78aa]. Defendants, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

8.    Venue is appropriate in this Court under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa] because OM Group, Inc. does business in this judicial district and certain acts or transactions constituting the violations by the defendants occurred in this district.

## DEFENDANTS

9.    James M. Materna, age 62, was Chief Financial Officer ("CFO") of OM Group, Inc. from July 1992 until his retirement in May 2002. Materna has been a certified public accountant licensed to practice in the State of Ohio since 1973. His CPA license went inactive after his retirement from OM Group.

10.    John R. Holtzhauser, age 50, was Controller of OM Group, Inc. from 1991 until he left the company in August 2003 due to a company restructuring. Holtzhauser has been a certified public accountant licensed to practice in the State of Ohio since 1981.

11.     Paul R. Venesky, age 44, was Controller of OMG Americas from August 1993 to

September 2001 and Director of Operations from September 2001 to October 2002. He was also

Controller of the Cobalt division from October 2002 through August 2003. Venesky left the

company in May 2004. Venesky has been a certified public accountant licensed to practice in the

State of Ohio since 1986.

### RELEVANT ENTITIES

12.     OM Group, Inc. ("OM Group" or the "company") is a Delaware corporation

headquartered in Cleveland, Ohio. The company has over 1,400 employees in North America,

Europe, Asia and Africa and annual revenues of over $1 billion. OM Group's common stock is

registered with the Commission pursuant to Section 12(b) of the Exchange Act and is listed on

the New York Stock Exchange under the ticker symbol "OMG." The company's independent

auditor is Ernst & Young LLP.

13.     OMG Americas is one of OM Group's wholly owned subsidiaries, and is comprised of

manufacturing facilities at five North American locations in New Jersey, North Carolina, Ohio,

Pennsylvania, and Utah. OMG Americas' financial results were examined by OM Group's

outside auditor as part of its quarterly reviews and annual audits of OM Group's consolidated

financial statements. OMG Americas' headquarters were also in Cleveland, Ohio.

### FACTS

**I.    BACKGROUND**

    **A.    History of OM Group**

14.     OM Group is a producer and marketer of metal-based specialty chemicals and related

materials primarily from cobalt and nickel. The company's products are used in many end

markets including rechargeable batteries, liquid detergents, adhesion promoters for rubber tires, stainless steel, and alloy and plating applications.

15.    OM Group was formed in 1991 and was the parent company of three operating subsidiaries, Mooney Chemicals, Kokkola Chemicals in Finland, and Vasset S.A. in France. It became a public company in September of 1993.

**B.    OM Group Experienced Tremendous Growth and Positive Earnings During the 1992 Through 2001 Period**

16.    From 1992 until 1998, the company acquired a number of entities in the United States and internationally, the majority of which owned manufacturing facilities. In 2000, the company acquired a nickel refinery in Harjavalta, Finland, which increased OM Group's sales revenue from approximately $500 million to nearly $1 billion. In August 2001, the company completed the acquisition of Degussa Metals Catalysts Cerdec ("dmc$^2$") that consisted of multiple operating entities. After the dmc$^2$ acquisition, OM Group had over $2 billion in sales revenue.

17.    The Harjavalta acquisition was financed with about $200 million in bank borrowing. dmc$^2$ was financed with debt (a bridge loan), equity, and the sale of assets. In conjunction with the dmc$^2$ acquisition, the company sold certain assets to repay a portion of the bridge loan. Shortly thereafter, in December 2001, the company completed a $400 million bond offering and used the proceeds to repay the remainder of the bridge loan. In January 2002, the company completed a $225.7 million equity offering and used the proceeds to repay other debts. OM Group filed registration statements for both the equity and bond offerings, which contained financial statements covering the 1999 through 2000, and 1999 through 2001 periods, respectively.

18.     OM Group also experienced earnings growth during the 1999 through 2001 period and

reported positive net income that increased each year during that period.  OM Group's net

income for the 1999 through 2001 period was as follows:  1999--$55.8 million; 2000--$71.5

million; 2001--$75.6 million; Q1 2002--$23.3 million (up from $19.6 million in Q1 2001); Q2

2002--$25.5 million (up from $20.1 million in Q2 2001).

### C.     OM Group's Accounting Process

19.     Although OM Group grew through acquisitions, the accounting staff did not grow at the

same rate as the company, and the accounting staff at both the corporate and the operating unit

level was thin.

20.     The company was slowly implementing an automated accounting system, but it was not

fully operational during the relevant time period.

21.     At the end of each quarter and each fiscal year, OM Group consolidated the financial

statements of its various operating entities and subsidiaries into one consolidated financial

statement, which was reported on OM Group's Forms 10-K and 10-Q.

22.     During the relevant period, Materna and Holtzhauser were responsible for the entire

consolidation process, which took place at the company's Cleveland headquarters.  Each

operating unit submitted to Holtzhauser electronically its monthly financial statement.

Holtzhauser consolidated the information into one corporate financial statement.

23.     During the close process, both Holtzhauser and Materna made numerous top-side

adjustments to OM Group's consolidated financial statement.  In some instances, either

Holtzhauser or Materna directed the individual controllers of the operating units to make

adjustments at the local level and then resubmit the financials.  OM Group did not have an

internal audit group during the relevant period. Thus, there was no review of the work being performed by Holtzhauser or Materna other than the audits performed by E & Y.

### D.    The Shareholder Litigation, Audit Committee Investigation and $64 Million Restatement

24.    Materna retired from OM Group in May 2002. In the third quarter of 2002, under the direction of a new CFO, OM Group announced a lower of cost or market adjustment to inventory of $108 million, after changing its outlook for the price of cobalt and determining that it had to lower production levels of cobalt and sell off inventory to raise cash. OM Group's trend of obtaining positive net income ceased when OM Group's third quarter of 2002 reflected a net loss of $71.2 million for the three month period, and $22.3 million for the nine month period. In response to this announcement, the company's stock price dropped 71% from $30.90 to $8.95, and shareholders filed a class action lawsuit on November 1, 2002 and a shareholder derivative suit on December 12, 2002.

25.    After finding questionable e-mails regarding the company's accounting practices, OM Group's audit committee launched an independent investigation in November 2003. The internal investigation and a subsequent restatement audit by E & Y concluded that there were numerous unsupported top-side adjustments and other accounting entries to OM Group's financial statements.

26.    On March 31, 2005, as a result of the internal investigation, the company restated its financials for fiscal years ended December 31, 2002 and 2001, quarters ended September 30, 2003, June 30, 2003, March 31, 2003, and all four quarters of 2002. The restatement also affected periods prior to 2001.

27.    The restatement adjustments reduced previously reported retained earnings as of

September 30, 2003 by $64 million.  A summary of the impact of the restatement follows (in

millions):

| | |
|---|---|
| Increase in net income for the nine months<br>Ended September 30, 2003 | $111.3 |
| Increase in 2002 net income | 125.1 |
| Decrease in 2001 net income | (123.5) |
| Decrease in net income for years prior to 2001 | (176.9) |
| Cumulative net decrease in previously reported<br>Retained earnings at September 30, 2003 | $(64.0) |

28.    The materiality of the adjustments is demonstrated below:

| (in millions) | 9 months ended<br>9-30-03 | Year ended<br>12-31-02 | Year ended<br>12-31-01 | Years prior to<br>1-1-01 | Total |
|---|---|---|---|---|---|
| Net income<br>(loss) as<br>originally<br>reported | 57.6 | (327.9) | 75.7 | | |
| Adjustments | 111.3 | 125.1 | (123.5) | (176.9) | (64.0) |
| Net income<br>(loss) as<br>restated* | 168.9 | (202.8) | (47.8) | | |
| Percent<br>overstated<br>(understated) | (66%) | (62%) | 258% | | |

*  Before OM Group's change from the LIFO to FIFO method of valuing inventory.

II.    **IMPROPER ACCOUNTING PRACTICES AND FRAULENT CONDUCT**

    A.    <u>Corporate Level Top-Side Adjustments Made by Materna and Holtzhauser</u>

29.    The internal investigation and subsequent restatement audit concluded that there were

more than 700 top-side adjustments to OM Group's financials. The adjustments were across the

divisions and appeared to have no pattern. The support for the adjustments was either inadequate

or did not exist. The improper top-side adjustments are discussed below.

        1.    <u>Overcapitalizing Overhead Costs</u>

30.    During the 1999 through 2002 period, Materna and Holtzhauser made top-side

adjustments to capitalize additional overhead costs related to certain of its operating units. These

adjustments were wrong because they were duplicative of amounts already recorded at the

operating unit level. In particular, Materna and Holtzhauser knew that costs related to two of

OM Group's Finnish subsidiaries, Kokkola and Harjavalta, were already captured on the

operating units' ledgers. Thus, their top-side adjustments to OM Group's consolidated financial

statements contributed to an overstatement of OM Group's income.

        2.    <u>Cobalt Inventory Recovery Yields</u>

31.    OM Group had to extract their raw materials, like cobalt, from slag piles. Although OM

Group estimated the yields for the piles, extraction was a very inexact process and resulted in

inconsistent yields from month to month. When the yields were below what Materna and

Holtzhauser estimated – for example, if they expected the operating unit to extract 10% cobalt

but it only extracted 8% -- Materna and/or Holtzhauser made a top-side adjustment for the

remaining expected yield. Their contention was that the remaining 2% was still in the pile or

somewhere in the manufacturing process. However, there was no process for extracting the

remaining expected yield, nor was there any analysis done to determine whether it was cost effective to attempt to recover any remaining content. This accounting practice was not consistent with GAAP, and allowed the company to increase income.

3.    Supplier Receivables & Interest Receivables

32.    Prior to 2001, OM Group was in a contractual dispute with three cobalt raw material suppliers concerning the metal content of raw materials that OM Group bought from the suppliers. In connection with this dispute, Materna recorded three receivables totaling $26.9 million that were treated as prepaid inventory representing advance payments for future inventory shipments. It was determined that OM Group waived its claim to these recoverable amounts in its dispute negotiations with the suppliers, or otherwise did not adequately document its position to support recording these assets. The top-side adjustments resulted in an overstatement of OM Group's assets.

33.    OM Group advanced $27.6 million to its joint venture partners during construction of a smelter in years prior to 2001. OM Group recorded a receivable for such amount. Although there was no written agreement between OM Group and the joint venture partners providing for interest on the advance, OM Group recorded interest income on the advances in 2001 and years prior of $5.5 million and $9.9 million, respectively. In 2002, OM Group established a reserve of $12.0 million against the interest receivable of $15.4 million. In 2003, OM Group finalized a written agreement with one of the partners, which provided for $6.8 million in interest income. The original interest recorded represented a contingent asset that should not have been recorded until a written agreement was finalized. Thus, the interest receivable and the 2002 reserve should not have been recorded.

4.    Duplicating Entries Already Made at the Operating Unit Level

34.    OM Group purchased nickel raw material that was off-specification and incurred incremental costs to process this material to a usable form, which was recorded as a receivable from the supplier by Materna and Holtzhauser. However, the raw material contract included provisions for financial remedy for off-specification raw material, and the remedy properly was accounted for at the operating unit level. Materna and Holtzhauser made numerous other top-side adjustments to capitalize costs that were expensed at the operating unit level for certain fixed asset projects, software implementation projects, and miscellaneous other assets. The adjustments were not appropriate because the operating units appropriately accounted for the expenses.

5.    Other Erroneous and Unsupported Accounting Entries

35.    There were numerous other top-side adjustments and errors that were restated, including inappropriate adjustments to fixed asset construction projects, certain accounts payable and cost of sales related to raw material contracts, inventory numbers, incorrect entries related to purchase accounting for the Harjavalta acquisition, errors in foreign currency remeasurement and intercompany profit elimination, improper derivative accounting, and expenses charged in a period that should have been taken in an earlier period. Materna and Holtzhauser were responsible for the top-side adjustments in these areas. All of the top-side adjustments were wholly inaccurate and unsupported.

**B.**    **Inaccurate Estimates to OMG Americas' Books and Records Made by Venesky at the Direction of Holtzhauser and Materna**

36.    As Controller of OMG Americas, Venesky was responsible for consolidating OMG Americas' financial results and submitting them to Holtzhauser. At times, Venesky used inaccurate estimates to record inventory amounts at OMG Americas.

37.    During the relevant period, OMG Americas did not have an inventory tracking system that could account for inventory that was "work-in-process," i.e., raw materials that had entered into the manufacturing process but not yet into finished goods. As a result, work-in-process was estimated by Venesky at the direction and review of Holtzhauser and Materna. These estimates were wholly inaccurate and unsupported.

38.    Venesky also recorded estimates for amounts of finished goods inventory in-transit to company warehouses from the Franklin facility. However, OMG America's automated accounting system appropriately captured the amounts; thus, Venesky's estimates were wholly inaccurate and unsupported.

39.    Venesky also recorded estimates for containers, packaging and certain lab inventory at the Franklin facility. However, given OMG Americas had no mechanism to retrieve the containers from its customers or to track when such containers were sent to customers, Venesky's estimates were wholly inaccurate and unsupported.

40.    Venesky submitted all of his estimates to Holtzhauser and Materna for their review. More often than not, Venesky's estimates increased following feedback from Holtzhauser and Materna.

41.     Based on information given to him by Materna and Holtzhauser, Venesky also recorded inaccurate journal entries concerning certain litigation. In 2000, Venesky recorded $4.5 million for anticipated recovery of contributions previously made by the company to a settlement trust and related legal fees for product liability litigation. The asset was reduced to $2.5 million in 2001 and was written off in December 2002. Despite having an adverse judgment entered against the company's position and other unfavorable facts and circumstances, OM Group kept the receivable on its books. Venesky established the receivable pursuant to discussions with Materna and Holtzhauser based upon their expectation that when the claimants had settled the matter, the funds in the trust would be redistributed to the contributors. However, Venesky testified that he did not recall learning from Materna or Holtzhauser that an adverse judgment had been rendered against the company.

## C.     Evidence that the Accounting Improprieties Amounted to Fraud

42.     There are numerous e-mails and documents that clearly demonstrate that Materna and Holtzhauser engaged in fraudulent accounting practices, and that Venesky aided and abetted the fraudulent accounting practices. The e-mails evidence the intent to adjust numbers to meet earnings targets or to enhance OM Group's performance in a particular quarter or year end.

43.     The e-mails also show that there was a concerted effort by Materna, Holtzhauser, and Venesky to hide material information from E & Y. In one e-mail, Venesky notified the Controller that Venesky would record "a couple [of] small undetectable changes to inventory then be prepared to submit them to EY" and then further stated that "I can't change them by much, it would not be a prudent move." In another, Venesky wrote to both Materna and Holtzhauser that "My concern about inventory is that going too heavy in WIP [work-in-process] or others will trigger even greater scrutiny. Truth is, we have a fresh set of auditors, and I have

13

no idea how much conversational auditing this group will take. . . . We are dogging these 2 areas (a/r misc and inventory) and I don't know how much more we can pull out. . . ."

44.     The e-mails and other documents also show that Materna and Holtzhauser were aware that the accounting entries made to OM Group's financial statements were not supportable and that OM Group's financial statements were potentially materially misstated during the relevant period. There are also e-mails that show Venesky raised red flags to Materna and Holtzhauser that certain of the entries made to the financial statements were not supportable, and that perhaps they had been too aggressive with some of the numbers that had been recorded. In one e-mail, Venesky wrote to Holtzhauser, "I do believe that we were too aggressive in our estimation of an SGA [sales general administrative expenses] adjustment. I believe that we can substantiate one-fourth that number, the rest is tight."

45.     The documents also reflect a pattern of recording almost random round numbers to journal entries to try to manage OM Group's earnings, and to look for "other candidates," i.e., other accounting categories in which to make more adjustments. There is also evidence that certain journal entries were made at locations that E & Y would not likely visit during audits.

### FIRST CLAIM
### Anti-Fraud Violations
Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and
Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and
Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]

46.     Paragraphs 1 through 45 above are realleged and incorporated by reference.

47.     As alleged above, Materna, Holtzhauser, and OM Group directly or indirectly, acting intentionally or recklessly, by use of the means or instrumentalities of interstate commerce, or of

14

the mails, or of a facility of a national securities exchange, in connection with the offer, sale, or purchase of securities: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, or courses of business which operated as a fraud or deceit upon other persons.

48.    By reason of the foregoing, Materna, Holtzhauser, and OM Group violated Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5.

49.    As alleged above, Venesky knowingly or recklessly provided substantial assistance to OM Group in connection with its violation of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5.

50.    By reason of the foregoing, Venesky aided and abetted OM Group's violation of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5.

## SECOND CLAIM
### Reporting Violations
Violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and
Exchange Act Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]

51.    Paragraphs 1 through 50 are realleged and incorporated by reference.

52.    As alleged above, OM Group filed with the Commission materially false and misleading financial statements as part of its annual reports on Form 10-K, quarterly reports on Form 10-Q, and current reports on Form 8-K.

53.    By reason of the foregoing, OM Group violated Section 13(a) of the Exchange Act and Exchange Act Rules 12b-20, 13a-1, 13a-11 and 13a-13.

54.    As alleged above, Materna, Holtzhauser, and Venesky knowingly or recklessly provided substantial assistance to OM Group in connection with its violations of Section 13(a) of the Exchange Act and Exchange Act Rules 12b-20, 13a-1, 13a-11 and 13a-13.

55.    By reason of the foregoing, Materna, Holtzhauser, and Venesky aided and abetted OM Group's violations of Sections 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11 and 13a-13.

### THIRD CLAIM
### Books and Records Violations
Violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]
and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1]

56.    Paragraphs 1 through 55 are realleged and incorporated by reference.

57.    As alleged above, OM Group failed to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of its assets.

58.    By reason of the foregoing, OM Group violated Section 13(b)(2)(A) of the Exchange Act.

59.    As alleged above, Materna, Holtzhauser, and Venesky knowingly or recklessly provided substantial assistance to OM Group in connection with its violation of Section 13(b)(2)(A) of the Exchange Act.

60.    By reason of the foregoing, Materna, Holtzhauser, and Venesky aided and abetted OM Group's violation of Section 13(b)(2)(A) of the Exchange Act.

61.    As alleged above, Materna, Holtzhauser, and Venesky, directly or indirectly, falsified or caused to be falsified books, records, or accounts subject to Section 13(b)(2)(A) of the Securities Exchange Act.

62.    By reason of the foregoing, Materna, Holtzhauser, and Venesky violated Rule 13b2-1 of the Exchange Act.

## FOURTH CLAIM

### Internal Controls Violations

Violations of Sections 13(b)(2)(B) and 13(b)(5) of the Exchange
Act [15 U.S.C. §§ 78m(b)(2)(B) and 78m(b)(5)] and
Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2]

63.    Paragraphs 1 through 62 are realleged and incorporated by reference.

64.    As alleged above, OM Group failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions were executed in accordance with management's general or specific authorization; (ii) transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets was permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets was compared with the existing assets at reasonable intervals and appropriate action was taken with respect to any differences.

65.    By reason of the foregoing, OM Group violated Section 13(b)(2)(B) of the Exchange Act.

66.     As alleged above, Materna, Holtzhauser, and Venesky knowingly or recklessly provided substantial assistance to OM Group in connection with its violation of Section 13(b)(2)(B) of the Exchange Act.

67.     By reason of the foregoing,  Materna, Holtzhauser, and Venesky aided and abetted OM Group's violation of Section 13(b)(2)(B) of the Exchange Act.

68.     As alleged above, Materna, Holtzhauser, and OM Group knowingly circumvented or knowingly failed to implement a system of internal accounting controls or knowingly, directly or indirectly, falsified or caused to be falsified, any book, record or account subject to Section 13(b)(2) of the Exchange Act.

69.     By reason of the foregoing, Materna and Holtzhauser violated Section 13(b)(5) of the Exchange Act.

70.     As alleged above, Venesky knowingly or recklessly provided substantial assistance to Materna's and Holtzhauser's violations of Section 13(b)(5) of the Exchange Act.

71.     By reason of the foregoing, Venesky aided and abetted Materna's and Holtzhauser's violation of Section 13(b)(5) of the Exchange Act.

72.     As alleged above, Materna, Holtzhauser, and Venesky, directly or indirectly, (1) made or caused to be made a materially false or misleading statement to an accountant in connection with; or (2) omitted to state, or caused another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review or examination of the financial statements of the issuer required to be made pursuant to this

subpart; or (ii) the preparation or filing of any document or report required to be filed with the Commission.

73.    By reason of the foregoing, Materna, Holtzhauser, and Venesky violated Rule 13b2-2 of the Exchange Act.

## PRAYER FOR RELIEF

Wherefore, the SEC respectfully requests that this Court enter a final judgment:

### I.

#### Permanent Injunctive Relief
(Materna, Holtzhauser, and Venesky)

(a)    Permanently enjoining Defendants Materna and Holtzhauser from violating Section 17(a) of the Securities Act, and Sections 10(b) and 13(b)(5) of the Exchange Act and Rule 10b-5, 13b2-1, and 13b2-2 thereunder.

(b)    Permanently enjoining Defendant Venesky from violating Sections 10(b) and 13(b)(5) of the Exchange Act and Rule 10b-5, 13b2-1, and 13b2-2 thereunder.

(c)    Permanently enjoining Defendants Materna, Holtzhauser, and Venesky from aiding and abetting violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder.

### II.

#### Officer and Director Bar
(Defendants Materna and Holtzhauser)

(a)    Barring Materna for a period of five (5) years from serving as an officer or director of any public company pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

(b)        Barring Holtzhauser for a period of five (5) years from serving as an officer or director of any public company pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

## III.

### Disgorgement
### (Holtzhauser)

(a)        Ordering Holtzhauser to pay disgorgement of $76,707, representing certain past bonus payments.

## IV.

### Civil Money Penalties

### (Materna, Holtzhauser, Venesky)

(a) Ordering Materna to pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

(b) Ordering Holtzhauser to pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

(c) Ordering Venesky to pay a civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

(d) Granting such other and further relief as this Court deems just and proper.


Dated:  July __, 2007


                          Respectfully submitted,


                          _____
                          Cheryl J. Scarboro (D.C. Bar No. 422175)
                          Tracy L. Price
                          Keshia L. West

                          Attorneys for Plaintiff
                          Securities and Exchange Commission
                          100 F Street, N.E.
                          Washington, D.C. 20549-6030
                          (202) 551-4403 (Scarboro)

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-6030

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Cheryl J. Scarboro, Esq., Tracy L. Price, Esq., Keshia L. West, Esq.
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-6030

## DEFENDANTS

James M. Materna, John R. Holtzhauser, Paul R. Venesky

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Cuyahoga
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

See Attachment A

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⊙ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ⊙ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☒ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

See Attachment B

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ _____<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒    If yes, please complete related case form.

DATE _July 17 07_    SIGNATURE OF ATTORNEY OF RECORD _Cheryl Barnes_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

### Civil Cover Sheet Attachment A

### U.S. Securities and Exchange Commission v. James M. Materna, John R. Holtzhauser, and Paul R. Venesky

**Counsel for Defendants:**

Defendant, James M. Materna

Scott S. Rose, Esq.
Willkie, Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
Ph: (212) 728-8502
Fx: (212) 728-9502
Email: srose@willkie.com

Defendant, John R. Holtzhauser

Donna M. Flammang, Esq.
Roetzel & Andress
2320 First Street
Suite 1000
Fort Myers, FL 33901-2904
Ph: (239) 338-4204
Fx: (239) 337-0970
Email: dflammang@ralaw.com

Defendant, Paul R. Venesky

Gayle A. Boone, Esq.
Bracewell & Giuliani LLP
1445 Ross Avenue
Suite 3800
Dallas, TX 75202-2711
Ph: (214) 758-1070
Fx: (214) 758-8370
Email: gayle.boone@bgllp.com

Civil Cover Sheet Attachment B

**U.S. Securities and Exchange Commission v. James M. Materna, John R. Holtzhauser, and Paul Venesky**

## VI. Cause of Action

This case is filed under the following civil statutes: 15 U.S.C. § 77v(a) (2006), 15 U.S.C. § 78u(d) - (e) (2006), and 15 U.S.C. § 78aa (2006).

This action arises from the defendants' violations of the following provisions of the Federal Securities laws: Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 13(b)(5) of the Exchange Act [15 U.S.C. § 78j(b), 15 U.S.C. § 78m(a), 15 U.S.C. § 78m(b)(2)(A), 15 U.S.C. § 78m(b)(2)(B), and 15 U.S.C. § 78m(b)(5)] and Exchange Act Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13, 13b2-1, and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.12b-20, § 240.13a-1, 240.13a-13, 240.13b2-1, and 240.13b2-2 ]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOHN R. HOLTZHAUSER,

Defendant.

Civil Action No.

## CONSENT OF DEFENDANT JOHN R. HOLTZHAUSER

1.    Defendant John R. Holtzhauser ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)    permanently restrains and enjoins Defendant from violations of Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(b)(5)] and Rules 10b-5, 13b2-1, and 13b2-2 thereunder [17 C.F.R. §§ 240.10b-5, 240.13b2-1, 240.13b2-2], and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; and aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A),

1

78m(b)(2)(B)], and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder

[17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13];

(b)     orders Defendant to pay disgorgement in the amount of $76,707;

(c)     orders Defendant to pay a civil penalty in the amount of $100,000

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

(d)     prohibits Defendant for five (5) years following the date of entry of the

Final Judgment from acting as an officer or director of any issuer that has

a class of securities registered pursuant to Section 12 of the Exchange Act.

3.      Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors. Defendant further

agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

3

other regulatory organizations. Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding. In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of

the complaint in this action.

      11.     Defendant understands and agrees to comply with the Commission's policy "not

to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

be made any public statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

deny any allegation in the complaint. If Defendant breaches this agreement, the Commission

may petition the Court to vacate the Final Judgment and restore this action to its active docket.

Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

legal or factual positions in litigation or other legal proceedings in which the Commission is not

a party.

      12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

4

expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that he is not the prevailing party in this action since the parties have reached a

good faith settlement.

    13.    Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

    14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: _MARCH 2, 2007_      _____

                      John R. Holtzhauser


On _March 2_, 2007, _John Holtzhauser_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                      _____
                      Notary Public
                      Commission expires:

                      **CATHY S. JACOBS**
                Notary Public, State of Ohio, Port. Cty.
                My commission expires Oct. 3, 2009


Approved as to form:

_____
Donna Flammang, Esq.
Roetzel & Andress
2320 First Street, Suite 1000
Fort Myers, FL 33901-2904

Attorney for John R. Holtzhauser

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOHN R. HOLTZHAUSER

Defendant.

Civil Action No.

## FINAL JUDGMENT AS TO DEFENDANT JOHN R. HOLTZHAUSER

The Securities and Exchange Commission having filed a Complaint and Defendant John

R. Holtzhauser ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate commerce or by use

of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

2

(c)     to engage in any transaction, practice, or course of business which operates or
would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
and Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal service or
otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section
13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2
promulgated thereunder [17 C.F.R. §§ 240.13b2-1, 240.13b2-2], by

(a) knowingly circumventing or knowingly failing to implement a system of internal
accounting controls or knowingly falsifying any book, record, or account described in Section
13(b)(2) [15 U.S.C. § 78m(b)(2)],

(b) falsifying or causing to be falsified any book, record, or account subject to Section
13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)], or

(c) making or causing to be made a materially false or misleading statement to an
accountant in connection with; or omitting to state, or causing another person to omit to state,
any material fact necessary in order to make statements made, in light of the circumstances under
which such statements were made, not misleading, to an accountant in connection with: (i) any
audit, review or examination of the financial statements of the issuer required to be made
pursuant to this subpart; or (ii) the preparation or filing of any document or report required to be
filed with the Commission.

3

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and

13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], by knowingly

providing substantial assistance to an issuer that fails to file with the Commission, annual or

quarterly reports, in accordance with such rules and regulations as the Commission may prescribe

as necessary or appropriate for the proper protection of investors and to insure fair dealing in the

security, or failing to add material information as may be necessary to make the required

statements, in the light of the circumstances under which they are made not misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; by knowingly providing

substantial assistance to an issuer that fails to (A) make and keep books, records, and accounts,

which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the

assets of the issuer.

4

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]; by knowingly providing

substantial assistance to an issuer that fails to devise and maintain a system of internal accounting

controls sufficient to provide reasonable assurances that: (i) transactions are executed in

accordance with management's general or specific authorization; (ii) transactions are recorded as

necessary to permit preparation of financial statements in conformity with generally accepted

accounting principles or any other criteria applicable to such statements, and to maintain

accountability for assets; (iii) access to assets is permitted only in accordance with management's

general or specific authorization; and (iv) the recorded accountability for assets is compared with

the existing assets at reasonable intervals and appropriate action is taken with respect to any

differences.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange

Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years following the date of

entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of

securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is

required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

5

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $76,707, representing certain past bonus payments, and a civil

penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §

77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall

satisfy this obligation by paying $176,707 within ten (10) business days after entry of this Final

Judgment by certified check, bank cashier's check, or United States postal money order payable

to the Securities and Exchange Commission. The payment shall be delivered or mailed to the

Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432

General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a

letter identifying John R. Holtzhauser as a defendant in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is made

pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of the

payment of civil penalty and letter to the Commission's counsel in this action. By making this

payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and

no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest

on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds

paid pursuant to this paragraph to the United States Treasury.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

6

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOHN R. HOLTZHAUSER

Defendant.

Civil Action No.

## FINAL JUDGMENT AS TO DEFENDANT JOHN R. HOLTZHAUSER

The Securities and Exchange Commission having filed a Complaint and Defendant John

R. Holtzhauser ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate commerce or by use

of the mails, directly or indirectly:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

2

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2

promulgated thereunder [17 C.F.R. §§ 240.13b2-1, 240.13b2-2], by

(a) knowingly circumventing or knowingly failing to implement a system of internal

accounting controls or knowingly falsifying any book, record, or account described in Section

13(b)(2) [15 U.S.C. § 78m(b)(2)],

(b) falsifying or causing to be falsified any book, record, or account subject to Section

13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)], or

(c) making or causing to be made a materially false or misleading statement to an

accountant in connection with; or omitting to state, or causing another person to omit to state,

any material fact necessary in order to make statements made, in light of the circumstances under

which such statements were made, not misleading, to an accountant in connection with: (i) any

audit, review or examination of the financial statements of the issuer required to be made

pursuant to this subpart; or (ii) the preparation or filing of any document or report required to be

filed with the Commission.

3

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], by knowingly providing substantial assistance to an issuer that fails to file with the Commission, annual or quarterly reports, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, or failing to add material information as may be necessary to make the required statements, in the light of the circumstances under which they are made not misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; by knowingly providing substantial assistance to an issuer that fails to (A) make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

4

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]; by knowingly providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

5

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $76,707, representing certain past bonus payments, and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $176,707 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying John R. Holtzhauser as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of the payment of civil penalty and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

6

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JAMES M. MATERNA,

Defendant.

Civil Action No.

## CONSENT OF DEFENDANT JAMES M. MATERNA

1.    Defendant James M. Materna ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a)    permanently restrains and enjoins Defendant from violations of Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act")  [15 U.S.C. §§ 78j(b), 78m(b)(5)] and Rules 10b-5, 13b2-1, and 13b2-2 thereunder [17 C.F.R. §§ 240.10b-5, 240.13b2-1, 240.13b2-2], and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; and aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A),

1

78m(b)(2)(B)], and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13];

(b)    orders Defendant to pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

(c)    prohibits Defendant for five (5) years following the date of entry of the Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act.

3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

3

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes,

4

Defendant agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _MArch 5, 2007_

_____
James M. Materna

On _March 5_, 2007, _James M Materna_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

**BRENT ZECHMAN**
Notary Public, State of Ohio, Cuy. Cty.
My commission expires Feb. 22, 2011

Approved as to form:

_____
Scott Rose, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Attorney for James M. Materna

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

Civil Action No.

JAMES M. MATERNA

Defendant.

### FINAL JUDGMENT AS TO DEFENDANT JAMES M. MATERNA

The Securities and Exchange Commission having filed a Complaint and Defendant James

M. Materna ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact

              necessary in order to make the statements made, in the light of the circumstances

              under which they were made, not misleading; or

    (c)      to engage in any act, practice, or course of business which operates or would

              operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate commerce or by use

of the mails, directly or indirectly:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to obtain money or property by means of any untrue statement of a material fact

              or any omission of a material fact necessary in order to make the statements

              made, in light of the circumstances under which they were made, not misleading;

              or

2

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13b2-1, 240.13b2-2], by

(a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) [15 U.S.C. § 78m(b)(2)],

(b) falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)], or

(c) making or causing to be made a materially false or misleading statement to an accountant in connection with; or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or (ii) the preparation or filing of any document or report required to be filed with the Commission.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and

13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], by knowingly

providing substantial assistance to an issuer that fails to file with the Commission, annual or

quarterly reports, in accordance with such rules and regulations as the Commission may prescribe

as necessary or appropriate for the proper protection of investors and to insure fair dealing in the

security, or failing to add material information as may be necessary to make the required

statements, in the light of the circumstances under which they are made not misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; by knowingly providing

substantial assistance to an issuer that fails to (A) make and keep books, records, and accounts,

which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the

assets of the issuer.

4

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]; by knowingly providing

substantial assistance to an issuer that fails to devise and maintain a system of internal accounting

controls sufficient to provide reasonable assurances that: (i) transactions are executed in

accordance with management's general or specific authorization; (ii) transactions are recorded as

necessary to permit preparation of financial statements in conformity with generally accepted

accounting principles or any other criteria applicable to such statements, and to maintain

accountability for assets; (iii) access to assets is permitted only in accordance with management's

general or specific authorization; and (iv) the recorded accountability for assets is compared with

the existing assets at reasonable intervals and appropriate action is taken with respect to any

differences.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange

Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years following the date of

entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of

securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is

required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying James M. Materna as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of the payment of civil penalty and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IX.

6

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

## XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated: _____, _____


_____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JAMES M. MATERNA

Defendant.

Civil Action No.

## FINAL JUDGMENT AS TO DEFENDANT JAMES M. MATERNA

The Securities and Exchange Commission having filed a Complaint and Defendant James

M. Materna ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a)   to employ any device, scheme, or artifice to defraud;

   (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

   (a)   to employ any device, scheme, or artifice to defraud;

   (b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

2

(c)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2

promulgated thereunder [17 C.F.R. §§ 240.13b2-1, 240.13b2-2], by

(a) knowingly circumventing or knowingly failing to implement a system of internal

accounting controls or knowingly falsifying any book, record, or account described in Section

13(b)(2) [15 U.S.C. § 78m(b)(2)],

(b) falsifying or causing to be falsified any book, record, or account subject to Section

13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)], or

(c) making or causing to be made a materially false or misleading statement to an

accountant in connection with; or omitting to state, or causing another person to omit to state,

any material fact necessary in order to make statements made, in light of the circumstances under

which such statements were made, not misleading, to an accountant in connection with: (i) any

audit, review or examination of the financial statements of the issuer required to be made

pursuant to this subpart; or (ii) the preparation or filing of any document or report required to be

filed with the Commission.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], by knowingly providing substantial assistance to an issuer that fails to file with the Commission, annual or quarterly reports, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, or failing to add material information as may be necessary to make the required statements, in the light of the circumstances under which they are made not misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; by knowingly providing substantial assistance to an issuer that fails to (A) make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]; by knowingly providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying James M. Materna as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of the payment of civil penalty and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated: _____, _____


_____

UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PAUL R. VENESKY,

Defendant.

Civil Action No.

## CONSENT OF DEFENDANT PAUL R. VENESKY

1.     Defendant Paul R. Venesky ("Defendant") waives service of a summons and the

complaint in this action, enters a general appearance, and admits the Court's jurisdiction over

Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to

personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to

the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and

incorporated by reference herein, which, among other things:

        (a)    permanently restrains and enjoins Defendant from violations of Sections

                10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange

                Act") [15 U.S.C. §§ 78j(b), 78m(b)(5)] and Rules 10b-5, 13b2-1, and

                13b2-2 thereunder [17 C.F.R. §§ 240.10b-5, 240.13b2-1, 240.13b2-2]; and

                aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and

                13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A),

1

78m(b)(2)(B)], and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13].

(b)    orders Defendant to pay a civil penalty in the amount of $25,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

2

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any

3

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

4

13.     Defendant agrees that the Commission may present the Final Judgment to the
Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the
purpose of enforcing the terms of the Final Judgment.

Dated: 20 / June / 2007            _____
                                         Paul R. Venesky


On July 13 , 2007, Paul R. Venesky , a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                                    _____
                                    Notary Public
                                    Commission expires:



PEGGY ELLIS
Notary Public, State of Texas
My Commission Expires
July 14, 2008


Approved as to form:


_____
Gayle Boone, Esq.
Bracewell & Giuliani LLP
1445 Ross Avenue
Suite 3800
Dallas, TX 75202-2711

Attorney for Paul R. Venesky

5

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:_____    _____

Paul R. Venesky

On _____, 2007, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____

Notary Public
Commission expires:

Approved as to form:

Gayle Boone, Esq.
Bracewell & Giuliani LLP
1445 Ross Avenue
Suite 3800
Dallas, TX 75202-2711

Attorney for Paul R. Venesky

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PAUL R. VENESKY,

Defendant.

Civil Action No.

## FINAL JUDGMENT AS TO DEFENDANT PAUL R. VENESKY

The Securities and Exchange Commission having filed a Complaint and Defendant Paul

R. Venesky ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2

promulgated thereunder [17 C.F.R. §§ 240.13b2-1, 240.13b2-2], by

(a) knowingly circumventing or knowingly failing to implement a system of internal

accounting controls or knowingly falsifying any book, record, or account described in Section

13(b)(2) [15 U.S.C. § 78m(b)(2)],

(b) falsifying or causing to be falsified any book, record, or account subject to Section

13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)], or

(c) making or causing to be made a materially false or misleading statement to an

accountant in connection with; or omitting to state, or causing another person to omit to state,

2

any material fact necessary in order to make statements made, in light of the circumstances under

which such statements were made, not misleading, to an accountant in connection with: (i) any

audit, review or examination of the financial statements of the issuer required to be made

pursuant to this subpart; or (ii) the preparation or filing of any document or report required to be

filed with the Commission.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and

13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], by knowingly

providing substantial assistance to an issuer that fails to file with the Commission, annual or

quarterly reports, in accordance with such rules and regulations as the Commission may prescribe

as necessary or appropriate for the proper protection of investors and to insure fair dealing in the

security, or failing to add material information as may be necessary to make the required

statements, in the light of the circumstances under which they are made not misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

3

Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; by knowingly providing

substantial assistance to an issuer that fails to (A) make and keep books, records, and accounts,

which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the

assets of the issuer.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]; by knowingly providing

substantial assistance to an issuer that fails to devise and maintain a system of internal accounting

controls sufficient to provide reasonable assurances that: (i) transactions are executed in

accordance with management's general or specific authorization; (ii) transactions are recorded as

necessary to permit preparation of financial statements in conformity with generally accepted

accounting principles or any other criteria applicable to such statements, and to maintain

accountability for assets; (iii) access to assets is permitted only in accordance with management's

general or specific authorization; and (iv) the recorded accountability for assets is compared with

the existing assets at reasonable intervals and appropriate action is taken with respect to any

differences.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay

a civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act [15

4

U.S.C. § 78(u)(3)]. Defendant shall make this payment within ten (10) business days after entry

of this Final Judgment by certified check, bank cashier's check, or United States postal money

order payable to the Securities and Exchange Commission. The payment shall be delivered or

mailed to the Office of Financial Management, Securities and Exchange Commission,

Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and

shall be accompanied by a letter identifying Paul R. Venesky as a defendant in this action; setting

forth the title and civil action number of this action and the name of this Court; and specifying

that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment

interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the

funds paid pursuant to this paragraph to the United States Treasury.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PAUL R. VENESKY,

Defendant.

Civil Action No.

## FINAL JUDGMENT AS TO DEFENDANT PAUL R. VENESKY

The Securities and Exchange Commission having filed a Complaint and Defendant Paul

R. Venesky ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact

             necessary in order to make the statements made, in the light of the circumstances

             under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would

             operate as a fraud or deceit upon any person.

II.

     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2

promulgated thereunder [17 C.F.R. §§ 240.13b2-1, 240.13b2-2], by

     (a) knowingly circumventing or knowingly failing to implement a system of internal

accounting controls or knowingly falsifying any book, record, or account described in Section

13(b)(2) [15 U.S.C. § 78m(b)(2)],

     (b) falsifying or causing to be falsified any book, record, or account subject to Section

13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)], or

     (c) making or causing to be made a materially false or misleading statement to an

accountant in connection with; or omitting to state, or causing another person to omit to state,

2

any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or (ii) the preparation or filing of any document or report required to be filed with the Commission.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], by knowingly providing substantial assistance to an issuer that fails to file with the Commission, annual or quarterly reports, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, or failing to add material information as may be necessary to make the required statements, in the light of the circumstances under which they are made not misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; by knowingly providing substantial assistance to an issuer that fails to (A) make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]; by knowingly providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act [15

U.S.C. § 78(u)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Paul R. Venesky as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

5

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____

UNITED STATES DISTRICT JUDGE